IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-00039-WYD

KATHERINE HANNER and
ROBERT HANNER,

    Plaintiffs,

v.

WAL-MART STORES, INC. and
JOHN DOE,

    Defendants.

## ORDER OF REMAND

THIS MATTER is before the Court on the Notice of Removal (ECF No. 1), filed January 6, 2011.  By way of background, this is a tort action based on Colorado law for injuries allegedly sustained by Plaintiff Katherine Hanner, resulting from an incident at a Wal-Mart Store located in Colorado Springs, Colorado.

On January 6, 2011, Defendant Wal-Mart ("Defendant") filed a Notice of Removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).  Defendant asserted therein that the amount in controversy requirement is satisfied.  Further, Defendant asserted that at all relevant times, the Plaintiff was a resident of Colorado while the Defendant is a Delaware Corporation with its principal place of business in the State of Arkansas.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendant to show that the amount in controversy is

satisfied.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted).  In other words, the amount in controversy must be affirmatively established on the face of either the petition or the notice of removal.  *Id*.  The removal statute is construed narrowly.  *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  In fact, the only dollar amount mentioned in the complaint refers to Plaintiff's medical expenses, which total approximately $14,000.  Thus, I turn to the notice of removal.  In the notice of removal, the Defendant states that Plaintiff has asserted five claims for relief and is seeking multiple damage awards.  The notice of removal also references the civil cover sheet filed in state court contemporaneously with the complaint which represents that Plaintiff is "seeking a monetary judgment for more than $100,000."  (Notice of Removal at 2) (citing *Civil Cover Sheet*, Exhibit C).  These are the only allegations in the notice of removal regarding the amount in controversy.

I find that the Defendant has failed to meet its burden of affirmatively establishing the amount in controversy on the face of either the complaint/petition or the notice of

removal.  First, the notice of removal's vague reference to the amount in controversy is not sufficient to establish that the jurisdictional amount is satisfied.  The fact that there are five claims for relief asserted against the Defendant in the underlying complaint does not affirmatively establish that the amount in controversy exceeds $75,000.  The amount of each claim is unknown.  Therefore, I cannot discern the amount in controversy based on the contents of both the complaint and the notice of removal.  In other words, the Defendant did not affirmatively establish the amount in controversy in order to satisfy the narrow requirements set forth in the removal statute.

Second, I find that the notice of removal's reference to the civil cover sheet filed in state court is not sufficient to establish that the jurisdictional amount is satisfied.  A number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein.  *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434 at * 3-4 (D. Colo. 2007);  *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852 at *3 (D. Colo. 2007); *Dean v. Illinois Nat. Ins. Co.,* 07-cv-01030-MSK-MJW, 2007 WL 2937014 at *1 (D. Colo. 2007).

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the State

Court.  See 28 U.S.C. § 1447(c).  Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the El Paso County District Court from which the case was removed.

Dated:  January 11, 2011

                                                  BY THE COURT:

                                                  s/ Wiley Y. Daniel  
                                                  Wiley Y. Daniel  
                                                  Chief United States District Judge